Ahren A. Tiller, Esq. [SBN: 250608]
BLC Law Center, APC
1230 Columbia St., Ste 1100
San Diego, CA 92101
Phone (619) 894-8831
Facsimile: (866) 444-7026
Email: Ahren.Tiller@blc-sd.com

Attorneys for Plaintiff
SHA-RIE ROBIRDS

**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| SHA-RIE ROBIRDS,<br><br>  Plaintiff,<br><br> vs.<br><br>DISCOVER BANK<br><br>  Defendant(s), | Case No.: **'18CV2592 AJB  MSB**<br><br>COMPLAINT FOR DAMAGES FOR (1) VIOLATIONS OF THE ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT (CAL. CIV. CODE §§ 1788-1778.32) AND (2) VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT (47 U.S.C. §227)<br><br>JURY TRIAL DEMANDED |

**COMPLAINT FOR DAMAGES**

**<u>INTRODUCTION</u>**

1. SHA-RIE ROBIRDS (hereinafter referred to as "Plaintiff"), by and through her Counsel of record, brings this action against DISCOVER BANK (hereinafter referred to as "Discover" or "Defendant") pertaining to actions by Defendant to unlawfully collect a debt allegedly owed by Plaintiff, including but not limited to, collection via the use of an Automated Telephone Dialing System ("ATDS")

and/or Artificial or Prerecorded Voice in violation of the Telephone Consumer Protection Act, 47 U.S.C. § 227 et seq., ("TCPA"), and the Rosenthal Fair Debt Collection Practices Act ("RFDCPA" [CAL. CIV. CODE §§ 1788-1788.32]), thereby invading Plaintiff's privacy, and causing Plaintiff damages.

2. The California legislature determined that unfair or deceptive collection practices undermine the public confidence which is essential to the continued functioning of the banking and credit system.  The legislature further determined there is a need to ensure that debt collectors and debtors exercise their responsibilities to one another with fairness, honesty, and due regard for the rights of others.  The legislature's explicit purpose of enacting the Rosenthal Fair Debt Collection Practices Act of California (hereafter "RFDCPA") was to prohibit debt collectors from engaging in unfair or deceptive acts or practices in the collection of consumer debts, and to require debtors to act fairly in entering into and honoring such debts.[1]

3. The Telephone Consumer Protections Act (hereafter "TCPA") was designed to prevent calls like the ones described within this complaint, and to protect the privacy of citizens like Plaintiff.  "Voluminous consumer complaints about abuses of telephone technology – for example, computerized calls dispatched to private homes – prompted Congress to pass the TCPA." *Mims v. Arrow Fin. Servs.*, LLC, 132 S. Ct. 740, 744 (2012).

4. In enacting the TCPA, Congress specifically found that "the evidence presented to Congress indicates that automated or prerecorded calls are a nuisance and an invasion of privacy, regardless of the type of call . . ." *Id.* at §§ 12-13.  See also, *Mims,* 132 S. Ct., at 744.

5. As Judge Easterbrook of the Seventh Circuit explained in a TCPA case regarding calls similar to this one:

---

[1] CA Civil Code §§ 1788.1(a)-(b)

> The Telephone Consumer Protection Act … is well known for its provisions limiting junk-fax transmissions. A less-litigated part of the Act curtails the use of automated dialers and prerecorded messages to cell phones, whose subscribers often are billed by the minute as soon as the call is answered—and routing a call to voicemail counts as answering the call. An automated call to a landline phone can be an annoyance; an automated call to a cell phone adds expense to annoyance.
>
> *Soppet v. Enhanced Recovery Co., LLC,* 679 F.3d 637, 638 (7th Cir. 2012).

6. Plaintiff alleges as follows upon personal knowledge as to herself and her own acts and experiences, and, as to all other matters, upon information and belief, including investigation conducted by her attorneys.

## **JURISDICTION AND VENUE**

7. This action is based upon Defendant's violations of the RFDCPA, which is found in California Civil Code §§ 1788 - 1788.32; and the TCPA, which is found in Title 47 of United States Code Section 227, *et seq.*

8. This Court has jurisdiction over Defendant, pursuant to 28 U.S.C. § 1331, as the unlawful practices alleged herein involve a federal question under the TCPA.

9. This Court further has supplemental jurisdiction over Plaintiff's California Causes of action, pursuant to 28 U.S.C. § 1367(a), as said California state law claims are so related to Plaintiff's Federal TCPA claims in this action, that they form part of the same case or controversy under Article III of the United States Constitution.

10. Venue is proper in this Court, pursuant to 28 U.S.C. § 1391(b)(1)-(2), because all or some of the unlawful practices and violations of law alleged herein occurred and are occurring in the County of San Diego, California.

Furthermore, Defendant regularly conducts business within State of California, County of San Diego, and Plaintiff resides in San Diego County, California.

## PARTIES

11. Plaintiff is, and was at all times mentioned herein, a natural person residing in the County of San Diego, in the State of California.

12. Plaintiff is a natural person from whom a debt collector sought to collect a consumer debt which was due and owing or alleged to be due and owing by Plaintiff, and therefore Plaintiff is a "debtor" as that term is describe by Cal Civ. Code §1788.2(h).

13. On information and belief, Plaintiff alleges that Discover is, and at all times mentioned herein was, a Delaware corporation headquartered in Illinois and doing business throughout the country, including this District. Discover is, and at all times mentioned herein, was registered with the California Secretary of State as a foreign corporation doing business within the State of California.

14. On information and belief, Plaintiff alleges that Discover's primary business operations are the issuance of unsecured consumer loans and credit cards.

15. On information and belief, Discover regularly engages through the course of its business in collection activities to collect consumer debts owed to it.

16. A significant portion of both of Discover's business operations are dedicated to collecting debts owed to itself, primarily consumer credit card debt and unsecured consumer loans. Part of Discover's regular business practices are to make repeated phone calls to persons it believes responsible for paying past-due debts.

17. Discover is, and all times mentioned herein, was a corporation and a "person," as defined by 47 U.S.C. § 153(39).

18. Discover regularly attempts to collect on "consumer debts" owed it, as that

term is defined by Cal. Civ. Code §1788.2(f), through the use of the mails, electronic communication, and the telephone.  Therefore, Discover is a "debt collector" as that term is defined by Cal. Civ. Code §1788.2(c), and engages in "debt collection" as that term is defined by Cal. Civ. Code §1788.2(b).

19. At all times relevant hereto, Discover used, controlled and or operated an "automatic telephone dialing system" ("ATDS") as that term is defined by 47 U.S.C. § 227(a)(1) and/or placed calls to Plaintiff using an automated or prerecorded voice ("Recorded Voice") as that term is defined in 47 U.S.C. § 227(b)(1)(A).

20. This case involves money, property, or their equivalent, due or owing or alleged to be due or owing from a natural person by reason of a consumer credit transaction.  Therefore, this action arises out of a "consumer debt" and "consumer credit" as those terms are defined by Cal. Civ. Code §1788.2(f).

## GENERAL ALLEGATIONS

21. Plaintiff incorporates by reference and realleges Paragraphs 1-20 above as if fully stated herein.

22. On or about June of 2017, Plaintiff took out a personal consumer loan with Discover.

23. Plaintiff maintained regular monthly payments due to Discover until on or about June of 2018.

24. On or about June of 2018, Plaintiff fell on financial hardship and could no longer maintain payments to Discover.

25. Upon going into default, agents for Discover called Plaintiff multiple times and requested payment through the use of an ATDS and/or a Recorded Voice, often 1-5 times per day, almost every single day.

26. On multiple occasions, Discover left Recorded Voice messages for Plaintiff to call Discover back.

27. Plaintiff sought out and retained an attorney to represent her with regards to the debt that Discover was collecting on.
28. On September 19, 2018, Plaintiff's Counsel drafted a letter wherein he stated that he represented Plaintiff with regards to any claims held or serviced by Defendant Discover Bank (hereinafter referred to as: "Cease and Desist Letter No. 1").
29. Plaintiff's Counsel sent Cease and Desist Letter No. 1 to Discover via facsimile on or about September 19, 2018, at 03:31 pm PST.
30. The facsimile was confirmed via a 3rd party facsimile company to have been successfully transmitted, therefore Defendant Discover Bank received the facsimile transmission of Cease and Desist Letter No. 1.
31. Later on in the day, on September 19, 2018, at 5:24pm PST, Plaintiff's Counsel sent a revised version of the Cease and Desist Letter No. 1, that provided the same information but additionally stated and identified the last four digits of Plaintiff's social security number to assist Defendant Discover Bank in identifying Plaintiff's account ("Cease and Desist Letter No. 2")
32. Plaintiff's Counsel sent Cease and Desist Letter No. 2 to Defendant Discover bank via facsimile on or about September 19, 2018 at 05:24 pm PST.
33. The 2nd facsimile was confirmed via a 3rd party facsimile company to have been successfully transmitted, therefore Defendant Discover Bank received the facsimile transmission of Cease and Desist Letter No. 2 as well.
34. In both Cease and Desist Letter Nos. 1 and 2, Plaintiff's Counsel provided Plaintiff's name, and explained that a formal demand was being made pursuant to Cal. Civ. Code §1788.14(c), that all further communication with Plaintiff cease, and that any future communication be exclusively sent to Plaintiff's Counsel.
35. In both Cease and Desist Letter Nos. 1 and 2, the verbiage expressly revoked consent to contact Plaintiff in any fashion, including via calling her with the

use of an Automated Telephone Dialing System and/or Recorded Voice.

36. Despite receipt of both Cease and Desist Letters Nos. 1 and 2 on September 19, 2018, Discover continued to incessantly call Plaintiff on her cellular telephone, often multiple times per day to collect on its claim.

37. Further, Discover, or its agents or representatives, continued to call Plaintiff using an ATDS and/or Recorded Voice.

38. On at least two occasions, after September 19, 2018, Plaintiff picked up the collection calls from Defendant and informed representatives of Discover that Plaintiff had retained counsel and instructed those representatives to cease contacting Plaintiff.

39. In said telephone calls, Plaintiff orally revoked any alleged prior consent to call Plaintiff via the use of an ATDS and/or Recorded voice.  Despite said oral revocation, agents for Discover continued to call Plaintiff using an ATDS and/or Recorded Voice.

40. On October 16, 2018, Plaintiff's Counsel drafted a third Cease and Desist Letter to Defendant Discover Bank via facsimile ("Cease and Desist Letter No. 3").  In Cease and Desist Letter No. 3, Plaintiff's Counsel provided Discover with Plaintiff's name, the last 4 digits of her social security number and further provided a redacted partial account number for the Discover loan.

41. Similar to the previous two (2) Cease and Desist Letters, Cease and Desist Letter No. 3 again expressly stated that Ms. Robirds was represented by Counsel and that pursuant to Cal. Civ. Code § 1788.14(c), Discover should have ceased all direct communication with Ms. Robirds.  Additionally, Cease and Desist Letter No. 3 again revoked any alleged consent given by Plaintiff to be contacted by an ATDS or Recorded Voice.

42. Plaintiff's Counsel sent Cease and Desist Letter No. 3 to Defendant Discover bank via facsimile on or about October 16, 2018, at 01:07 pm PST.

43. The facsimile of Cease and Desist Letter No. 3 was confirmed via a 3rd party

facsimile company to have been successfully transmitted, therefore Defendant Discover Bank received the facsimile transmission of Cease and Desist Letter No. 3 as well.

44. On October 16, 2018, in an attempt to ensure Discover ceased contacting Plaintiff, Plaintiff's Counsel sent via U.S. mail a copy of Cease and Desist Letter No. 3, addressed to the following address:

> **Discover**
> **P.O. Box 3094**
> **Salt Lake City, UT 84130**

45. On information and belief, Defendant Discover received the mailed copy of Cease and Desist Letter No. 3 via U.S. Mail.

46. Despite receipt of Cease and Desist letter No. 3 by both facsimile and mail, and despite receiving oral revocation of consent to contact plaintiff via any means including via the use of an ATDS and/or Recorded Voice, Discover continued to incessantly call Plaintiff on her cellular telephone, often multiple times per day to collect on its claim.

47. Further, Discover, or its agents or representatives, continued to call Plaintiff using an ATDS and/or Recorded Voice.

48. Discover, or its agents or representatives, have contacted Plaintiff on her cellular telephone over one hundred (100) times since September 19, 2018, including through the use of an ATDS and/or Recorded voice as those terms are defined in 47 U.S.C. § 227(a)(1) and/or 47 U.S.C. § 227(b)(1)(A).

49. Despite receipt of three (3) separate letters sent via four (4) different means, along with oral instructions to cease calling Plaintiff via the telephone, all of which provided irrefutable notice that Plaintiff had revoked consent to call her cell phone by any means and that she had retained Counsel regarding these alleged debts, Discover continues to contact Plaintiff repeatedly date.

50. These collection calls were made using equipment that had the capacity to

store or produce telephone numbers to be called using a random or sequential number generator, and to dial such numbers, and was therefore an automatic telephone dialing system ("ATDS") as that term is defined by 47 U.S.C. § 227(a)(1).

51. As is evidenced by the frequency and rapid succession of the call times and dates, the ATDS computer software automatically called Plaintiff at certain times from random numbers, usually multiple times a day with varying call times.

52. Many of Discover's calls to Plaintiff after receiving receipt of the Cease and Desist Letters Nos. 1-3 contained an "artificial or prerecorded voice" as prohibited by 47 U.S.C. § 227(b)(1)(A).

53. The multiple calls made by Discover or its agents after September 19, 2018 were therefore made in violation of 47 U.S.C. § 227(b)(1).

54. Further, when Plaintiff answered the telephone, Discover's agents were rude, abusive, and aggressive when they called to collect from Plaintiff.  They would rebuke Plaintiff's requests to cease calling and have continued to harass Plaintiff to date, despite her repeated oral and written requests to cease their harassment.

55. These interactions and unlawful debt collection practices caused emotional distress to Plaintiff.

56. Plaintiff has received so many collection calls by Discover that her voicemail has repeatedly filled up, preventing Plaintiff from receiving other important messages and incurring actual charges as a result of her cell phone plan.

57. Upon information and belief, Discover regularly makes autodialed telephone calls with Recorded Voices in order to collect on its claims.

58. Upon information and belief, Discover's telephone equipment has the capacity to store or produce telephone numbers to be called, using a random or sequential number generator.

59. Upon information and belief, the telephone equipment used by Discover to place the calls at issue have the capacity to dial telephone numbers automatically from a stored list or database without human intervention, using a random or sequential number generator.

60. Discover's collection calls to Plaintiff described herein, were not made for emergency purposes, as defined by 47 U.S.C. § 227(b)(1)(A).

61. Discover's collection calls to Plaintiff describe herein, were not made solely for the purpose of collecting upon a debt owed to or guaranteed by the Federal Government.

62. Discover placed the collection calls described herein to a telephone number assigned to a cellular telephone service for which Plaintiff incurs a charge for incoming calls pursuant to 47 U.S.C. § 227(b)(1).

63. Discover's aforementioned conduct personally affected Plaintiff, as Plaintiff was frustrated and distressed that Discover repeatedly interrupted Plaintiff with unwanted calls using an ATDS and/or Recorded Voice for collection purposes.

64. Through Discover's aforementioned conduct, Plaintiff suffered an invasion of a legally protected interest in privacy, which is specifically addressed and protected by the TCPA.

65. Discover's calls forced Plaintiff to live without the utility of her cellular phones by occupying her cellular telephone with multiple unwanted calls, causing a severe nuisance and lost time.

66. As a result of Discover's relentless and harassing collection calls and letters, Plaintiff has experienced anger and disbelief, and feelings of powerlessness, which have resulted in a loss of sleep, loss of appetite, headaches, anxiety and panic attacks, feelings of hypervigilance, paranoia and depression.

67. These calls have consumed her day and have caused a severe disruption to Plaintiff's life, due to the extreme frequency of calls by Discover.

68. As a direct and proximate result of the aforementioned harassment committed by Discover, Plaintiff has suffered emotional distress.

## CAUSES OF ACTION

### I.

### FIRST CAUSE OF ACTION

**VIOLATIONS OF THE ROSENTHAL FAIR DEBT COLLECTIONS PRACTICES ACT**

**(CAL. CIV CODE § 1788.14(c))**

69. Plaintiff realleges and incorporates by reference Paragraphs 1 through 68, inclusive, as if fully set forth.

70. Plaintiff's Counsel sent Cease and Desist Letters Nos. 1, 2 and 3 via facsimile to Discovery, and also sent Cease and Desist Letter No. 3 via U.S. Mail as well. Further, Plaintiff orally informed Discover's agents on multiple occasions that she had retained Counsel. Therefore, Discover was aware, or reasonably should have been aware, that Plaintiff was represented by an attorney, and that Plaintiff no longer wished to be contacted regarding these debts.

71. Cal. Civ. Code §1788.14(c) provides in relevant part,

> No debt collector shall collect or attempt to collect a consumer debt by means of the following practices:
> (c) Initiating communications, other than statements of account, with the debtor with regard to the consumer debt, when the debt collector has been previously notified in writing by the debtor's attorney that the debtor is represented by such attorney with respect to the consumer debt and such notice includes the attorney's name and address and a request by such attorney that all communications regarding the consumer debt be addressed to such attorney, unless the attorney fails to answer correspondence, return telephone calls, or discuss the obligation in question. This subdivision shall not apply where prior approval has been obtained from the debtor's attorney, or where the communication is a response in the ordinary course of business to a debtor's inquiry.

72. By calling Plaintiff over one hundred (100) times since receipt of Cease and Desist Letters Nos. 1, 2 and 3, sent by both facsimile and US Mail, Discover violated Cal. Civ. Code §1788.14(c).

73. As a result of the constant collection calls from Discover, Plaintiff has experienced anxiety, fear and uneasiness, has had difficulty sleeping, shortness of breath, nausea, and has at times been unable to calm down as the constant and harassing collection calls by Discover are overwheling.  Plaintiff is constantly afraid to answer her phone and she cringes when her phone rings.

74. Therefore, as a direct and proximate result of the unlawful collection efforts by Discover, Plaintiff suffered emotional distress.

## II.
## SECOND CAUSE OF ACTION
### NEGLIGENT VIOLATIONS OF THE TCPA
### (47 U.S.C. § 227 ET. SEQ.)

75. Plaintiff realleges and incorporates by reference Paragraphs 1 through 74, inclusive, as if fully set forth.

76. Through the three (3) separate Cease and Desist Letters from Plaintiff's Counsel, sent by both facsimile and US Mail, and orally, Plaintiff revoked any alleged consent for Discover to call Plaintiff on her cellular telephone via the use of an ATDS and/or Recorded Voice.

77. The foregoing acts and omissions of Discover constitute numerous and multiple negligent violations of the TCPA, including but not limited to each and every one of the above-cited provisions of 47 U.S.C. § 227, *et. seq.*

78. As a result of Discover's negligent violations of 47 U.S.C. §227, *et. seq.*, Plaintiff is entitled to an award of $500 in statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B).

79. Plaintiff is also entitled to and seeks injunctive relief prohibiting such conduct in the future, pursuant to 47 U.S.C. § 227(b)(3)(A).

## III.

## THIRD CAUSE OF ACTION

### KNOWING AND/OR WILLFUL VIOLATIONS OF THE TCPA

### (47 U.S.C. § 227 ET. SEQ.)

80. Plaintiff realleges and incorporates by reference Paragraphs 1 through 79, inclusive, as if fully set forth.

81. Through the three (3) separate Cease and Desist Letters from Plaintiff's Counsel, sent by both facsimile and US Mail, and orally, Plaintiff revoked any alleged consent for Discover to call Plaintiff on her cellular telephone via the use of an ATDS and/or Recorded Voice.

82. The foregoing acts of Discover constitute numerous and multiple knowing and/or willful violations of the TCPA, including but not limited to each and every one of the above-cited provisions of 47 U.S.C. § 227, *et. seq.*

83. Therefore, since Discover continued to call Plaintiff despite indisputably being informed to not call Plaintiff on multiple occasions through multiple different means, and that Plaintiff had revoked any alleged prior consent to call Plaintiff's cellular telephone via the use of and ATDS and/or Recorded Voice, Discover's acts were willful.

84. As a result of Discover's knowing and/or willful violations of 47 U.S.C. §227, *et. seq.*, Plaintiff is entitled to an award of $1,500 in statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(C).

85. Plaintiff is also entitled to and seeks injunctive relief prohibiting such conduct in the future, pursuant to 47 U.S.C. § 227(b)(3)(A).

- 13 -
*Robirds v. Discover Bank - Complaint for Damages*

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff having set forth the claims for relief against Defendant Discover Bank herein, respectfully request this Court enter a Judgment against Defendant as follows:

a. As to the First Cause of Action, an award of actual damages pursuant to Cal. Civ. Code §1788.30(a) according to proof, including compensatory damages for Plaintiff's emotional distress for the harassing telephone calls and other debt collection efforts;

b. As to the First Cause of Action, an award of statutory damages of $1,000.00 pursuant to Cal. Civ. Code §1788.30(b);

c. As to the First Cause of Action, an award of reasonable attorney's fees and costs pursuant to Cal. Civ. Code §1788.30(c);

d. As to the Second Cause of Action, $500 in statutory damages for each and every one of Discover's negligent violations of 47 U.S.C. §227(b)(1), pursuant to 47 U.S.C. § 227(b)(3)(B), totaling in excess of $50,000.00.

e. Injunctive relief prohibiting such conduct in the future pursuant to 47 U.S.C. § 227(b)(3)(A);

f. As to the Third Cause of Action, $1,500.00 in statutory damages for each and every one of Discover's knowing and/or willful violations of 47 U.S.C. § 227(b)(1), totaling in excess of $150,000.00, pursuant to 47 U.S.C. § 227(b)(3)(C).

g. For such other and further relief as the Court may deem just and proper.

Dated: November 13, 2018         By:    /s/ Ahren A. Tiller___
                                        Ahren A. Tiller, Esq.
                                        BLC Law Center, APC
                                        Attorneys for Plaintiff

## DEMAND FOR JURY TRIAL

Pursuant to the Seventh Amendment to the Constitution of the United States of America, Plaintiff is entitled to, and demands, a trial by jury on all issues triable by jury.

Dated: November 13, 2018          By:   /s/ Ahren Tiller_____
                                         Ahren A. Tiller, Esq.
                                         BLC Law Center, APC
                                         Attorneys for Plaintiff

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
SHA-RIE ROBIRDS,

**DEFENDANTS**
DISCOVER BANK

**(b)** County of Residence of First Listed Plaintiff: San Diego
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant:
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
BLC Law Center, APC
1230 Columbia St., Ste 1100, San Diego, CA 92101
Phone (619) 894-8831

Attorneys *(If Known)*
'18CV2592 AJB MSB

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*
- [ ] 1 U.S. Government Plaintiff
- [ ] 2 U.S. Government Defendant
- [X] 3 Federal Question *(U.S. Government Not a Party)*
- [ ] 4 Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)* (For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | [ ] 1 | [ ] 1 | Incorporated or Principal Place of Business In This State | [ ] 4 | [ ] 4 |
| Citizen of Another State | [ ] 2 | [ ] 2 | Incorporated and Principal Place of Business In Another State | [ ] 5 | [ ] 5 |
| Citizen or Subject of a Foreign Country | [ ] 3 | [ ] 3 | Foreign Nation | [ ] 6 | [ ] 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*
Click here for: Nature of Suit Code Descriptions.

**CONTRACT**
- [ ] 110 Insurance
- [ ] 120 Marine
- [ ] 130 Miller Act
- [ ] 140 Negotiable Instrument
- [ ] 150 Recovery of Overpayment & Enforcement of Judgment
- [ ] 151 Medicare Act
- [ ] 152 Recovery of Defaulted Student Loans (Excludes Veterans)
- [ ] 153 Recovery of Overpayment of Veteran's Benefits
- [ ] 160 Stockholders' Suits
- [ ] 190 Other Contract
- [ ] 195 Contract Product Liability
- [ ] 196 Franchise

**REAL PROPERTY**
- [ ] 210 Land Condemnation
- [ ] 220 Foreclosure
- [ ] 230 Rent Lease & Ejectment
- [ ] 240 Torts to Land
- [ ] 245 Tort Product Liability
- [ ] 290 All Other Real Property

**TORTS**
PERSONAL INJURY
- [ ] 310 Airplane
- [ ] 315 Airplane Product Liability
- [ ] 320 Assault, Libel & Slander
- [ ] 330 Federal Employers' Liability
- [ ] 340 Marine
- [ ] 345 Marine Product Liability
- [ ] 350 Motor Vehicle
- [ ] 355 Motor Vehicle Product Liability
- [ ] 360 Other Personal Injury
- [ ] 362 Personal Injury - Medical Malpractice

**CIVIL RIGHTS**
- [ ] 440 Other Civil Rights
- [ ] 441 Voting
- [ ] 442 Employment
- [ ] 443 Housing/ Accommodations
- [ ] 445 Amer. w/Disabilities - Employment
- [ ] 446 Amer. w/Disabilities - Other
- [ ] 448 Education

PERSONAL INJURY
- [ ] 365 Personal Injury - Product Liability
- [ ] 367 Health Care/ Pharmaceutical Personal Injury Product Liability
- [ ] 368 Asbestos Personal Injury Product Liability

PERSONAL PROPERTY
- [ ] 370 Other Fraud
- [ ] 371 Truth in Lending
- [ ] 380 Other Personal Property Damage
- [ ] 385 Property Damage Product Liability

**PRISONER PETITIONS**
Habeas Corpus:
- [ ] 463 Alien Detainee
- [ ] 510 Motions to Vacate Sentence
- [ ] 530 General
- [ ] 535 Death Penalty
Other:
- [ ] 540 Mandamus & Other
- [ ] 550 Civil Rights
- [ ] 555 Prison Condition
- [ ] 560 Civil Detainee - Conditions of Confinement

**FORFEITURE/PENALTY**
- [ ] 625 Drug Related Seizure of Property 21 USC 881
- [ ] 690 Other

**LABOR**
- [ ] 710 Fair Labor Standards Act
- [ ] 720 Labor/Management Relations
- [ ] 740 Railway Labor Act
- [ ] 751 Family and Medical Leave Act
- [ ] 790 Other Labor Litigation
- [ ] 791 Employee Retirement Income Security Act

**IMMIGRATION**
- [ ] 462 Naturalization Application
- [ ] 465 Other Immigration Actions

**BANKRUPTCY**
- [ ] 422 Appeal 28 USC 158
- [ ] 423 Withdrawal 28 USC 157

**PROPERTY RIGHTS**
- [ ] 820 Copyrights
- [ ] 830 Patent
- [ ] 835 Patent - Abbreviated New Drug Application
- [ ] 840 Trademark

**SOCIAL SECURITY**
- [ ] 861 HIA (1395ff)
- [ ] 862 Black Lung (923)
- [ ] 863 DIWC/DIWW (405(g))
- [ ] 864 SSID Title XVI
- [ ] 865 RSI (405(g))

**FEDERAL TAX SUITS**
- [ ] 870 Taxes (U.S. Plaintiff or Defendant)
- [ ] 871 IRS—Third Party 26 USC 7609

**OTHER STATUTES**
- [ ] 375 False Claims Act
- [ ] 376 Qui Tam (31 USC 3729(a))
- [ ] 400 State Reapportionment
- [ ] 410 Antitrust
- [ ] 430 Banks and Banking
- [ ] 450 Commerce
- [ ] 460 Deportation
- [ ] 470 Racketeer Influenced and Corrupt Organizations
- [ ] 480 Consumer Credit
- [ ] 490 Cable/Sat TV
- [ ] 850 Securities/Commodities/ Exchange
- [X] 890 Other Statutory Actions
- [ ] 891 Agricultural Acts
- [ ] 893 Environmental Matters
- [ ] 895 Freedom of Information Act
- [ ] 896 Arbitration
- [ ] 899 Administrative Procedure Act/Review or Appeal of Agency Decision
- [ ] 950 Constitutionality of State Statutes

## V. ORIGIN *(Place an "X" in One Box Only)*
- [X] 1 Original Proceeding
- [ ] 2 Removed from State Court
- [ ] 3 Remanded from Appellate Court
- [ ] 4 Reinstated or Reopened
- [ ] 5 Transferred from Another District *(specify)*
- [ ] 6 Multidistrict Litigation - Transfer
- [ ] 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
Telephone Consumer Protection Act (TCPA) (47 U.S.C. § 227 et. seq.)
Brief description of cause:
Complaint for Violations of TCPA; & California RFDPCA (Cal. Civ. Code §1778 et. seq.)

## VII. REQUESTED IN COMPLAINT:
- [ ] CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.
- DEMAND $ 160,000.00
- CHECK YES only if demanded in complaint:
- JURY DEMAND: [X] Yes [ ] No

## VIII. RELATED CASE(S) IF ANY
*(See instructions):*
JUDGE
DOCKET NUMBER

DATE: 11/13/2018
SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**
RECEIPT #    AMOUNT    APPLYING IFP    JUDGE    MAG. JUDGE

# INSTRUCTIONS FOR ATTORNEYS COMPLETING CIVIL COVER SHEET FORM JS 44

Authority For Civil Cover Sheet

The JS 44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleading or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently, a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. The attorney filing a case should complete the form as follows:

**I.(a)** **Plaintiffs-Defendants.** Enter names (last, first, middle initial) of plaintiff and defendant. If the plaintiff or defendant is a government agency, use only the full name or standard abbreviations. If the plaintiff or defendant is an official within a government agency, identify first the agency and then the official, giving both name and title.
  **(b)** **County of Residence.** For each civil case filed, except U.S. plaintiff cases, enter the name of the county where the first listed plaintiff resides at the time of filing. In U.S. plaintiff cases, enter the name of the county in which the first listed defendant resides at the time of filing. (NOTE: In land condemnation cases, the county of residence of the "defendant" is the location of the tract of land involved.)
  **(c)** **Attorneys.** Enter the firm name, address, telephone number, and attorney of record. If there are several attorneys, list them on an attachment, noting in this section "(see attachment)".

**II.** **Jurisdiction.** The basis of jurisdiction is set forth under Rule 8(a), F.R.Cv.P., which requires that jurisdictions be shown in pleadings. Place an "X" in one of the boxes. If there is more than one basis of jurisdiction, precedence is given in the order shown below.
United States plaintiff. (1) Jurisdiction based on 28 U.S.C. 1345 and 1348. Suits by agencies and officers of the United States are included here.
United States defendant. (2) When the plaintiff is suing the United States, its officers or agencies, place an "X" in this box.
Federal question. (3) This refers to suits under 28 U.S.C. 1331, where jurisdiction arises under the Constitution of the United States, an amendment to the Constitution, an act of Congress or a treaty of the United States. In cases where the U.S. is a party, the U.S. plaintiff or defendant code takes precedence, and box 1 or 2 should be marked.
Diversity of citizenship. (4) This refers to suits under 28 U.S.C. 1332, where parties are citizens of different states. When Box 4 is checked, the citizenship of the different parties must be checked. (See Section III below; **NOTE: federal question actions take precedence over diversity cases.**)

**III.** **Residence (citizenship) of Principal Parties.** This section of the JS 44 is to be completed if diversity of citizenship was indicated above. Mark this section for each principal party.

**IV.** **Nature of Suit.** Place an "X" in the appropriate box. If there are multiple nature of suit codes associated with the case, pick the nature of suit code that is most applicable. Click here for: Nature of Suit Code Descriptions.

**V.** **Origin.** Place an "X" in one of the seven boxes.
Original Proceedings. (1) Cases which originate in the United States district courts.
Removed from State Court. (2) Proceedings initiated in state courts may be removed to the district courts under Title 28 U.S.C., Section 1441. When the petition for removal is granted, check this box.
Remanded from Appellate Court. (3) Check this box for cases remanded to the district court for further action. Use the date of remand as the filing date.
Reinstated or Reopened. (4) Check this box for cases reinstated or reopened in the district court. Use the reopening date as the filing date.
Transferred from Another District. (5) For cases transferred under Title 28 U.S.C. Section 1404(a). Do not use this for within district transfers or multidistrict litigation transfers.
Multidistrict Litigation – Transfer. (6) Check this box when a multidistrict case is transferred into the district under authority of Title 28 U.S.C. Section 1407.
Multidistrict Litigation – Direct File. (8) Check this box when a multidistrict case is filed in the same district as the Master MDL docket.
**PLEASE NOTE THAT THERE IS NOT AN ORIGIN CODE 7.** Origin Code 7 was used for historical records and is no longer relevant due to changes in statue.

**VI.** **Cause of Action.** Report the civil statute directly related to the cause of action and give a brief description of the cause. **Do not cite jurisdictional statutes unless diversity.** Example: U.S. Civil Statute: 47 USC 553  Brief Description: Unauthorized reception of cable service

**VII.** **Requested in Complaint.** Class Action. Place an "X" in this box if you are filing a class action under Rule 23, F.R.Cv.P.
Demand. In this space enter the actual dollar amount being demanded or indicate other demand, such as a preliminary injunction.
Jury Demand. Check the appropriate box to indicate whether or not a jury is being demanded.

**VIII.** **Related Cases.** This section of the JS 44 is used to reference related pending cases, if any. If there are related pending cases, insert the docket numbers and the corresponding judge names for such cases.

**Date and Attorney Signature.** Date and sign the civil cover sheet.